[Cite as *Lumpkin v. Bur. of Motor Vehicles*, 2010-Ohio-2313.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JARRETT LUMPKIN

   Plaintiff

   v.

BUREAU OF MOTOR VEHICLES

   Defendant

    Case No. 2009-06532-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

## FINDINGS OF FACT

**{¶ 1}** 1) Plaintiff, Jarrett Lumpkin, filed this action against defendant, Bureau of Motor Vehicles (BMV), alleging that his driver's license was improperly listed as suspended on BMV records and as a result his automobile was impounded on May 20, 2009. Plaintiff filed this complaint seeking to recover damages in the amount of $204.96 for towing and impound fees as well as $90.00 for court costs. Total damages claimed amount to $294.96. The $25.00 filing fee was paid. Plaintiff did not supply any documentation to support his claim that court costs were related to BMV record keeping.

**{¶ 2}** 2) Defendant filed an investigation report admitting error in recording plaintiff's license status. Defendant stated that BMV "has no knowledge of [p]laintiff's claimed expenses."

## CONCLUSIONS OF LAW

**{¶ 3}** 1) Resulting damages may be recovered when a plaintiff proves, by a preponderance of the evidence, his driver's license was erroneously listed as

suspended by defendant. *Ankney v. Bureau of Motor Vehicles* (1998), 97-11045-AD; *Serbanescu v. Bureau of Motor Vehicles* (1994), 93-15038-AD; *Black v. Bureau of Motor Vehicles* (1996), 95-01441-AD. These damages must directly flow from defendant's failure to provide accurate information to authorities. *Henighan v. Ohio Dept. of Public Safety* (1997), 97-01619-AD; *Jordan v. Bureau of Motor Vehicles* (1998), 97-10341.

**{¶ 4}** 2) Plaintiff has proven, by a preponderance of the evidence, that his driver's license was improperly listed as suspended by defendant. *McGee v. Ohio Bureau of Motor Vehicles* (1997), 97-03399-AD.

**{¶ 5}** 3) Defendant is liable to plaintiff for damages plaintiff can prove resulted from defendant's negligence. *Partlow v. Bureau of Motor Vehicles* (1997), 97-07820-AD. Plaintiff has proven that he incurred towing and impound fees as a result of BMV's record keeping. However, plaintiff has failed to prove that he suffered the remaining damages as a result of defendant's record keeping. Without any supporting documentation the court cannot grant court cost damages.

**{¶ 6}** 4) Plaintiff has suffered damages in the amount of $204.96, and the $25.00 filing fee, which may be reimbursed as compensable costs pursuant to R.C. 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JARRETT LUMPKIN

    Plaintiff

    v.

BUREAU OF MOTOR VEHICLES

Defendant

Case No. 2009-06532-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $229.26, which includes the filing fee. Court costs are assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Jarrett Lumpkin
1466 Worthington Street
Apt. E
Columbus, Ohio 43201

John R. Guldin
Department of Public Safety
1970 West Broad Street
P.O. Box 182081
Columbus, Ohio 43218-2081

RDK/laa
2/17
Filed 2/22/10
Sent to S.C. reporter 5/21/10